PARKVIEW BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, RESPONDENT, v. EDWIN E. ROSE, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

Where a building and loan association draws a check to pay matured shares on account of which a loan has been made and a note taken, expecting the shareholder to pay the note at the time of delivery of the check for the shares, and both note and check are placed in a safe to which the secretary of the association has lawful access, he being the principal officer transacting the financial business between the association and its shareholders, and authorized to receive all moneys paid to the association, and he, without express authority, takes the note and check from the safe, delivers the check to the shareholder, collects the money due on the note, surrenders it and embezzles the money, the loss must, as between two innocent parties fall on the one whose negligence made the fraud possible. Whether the circumstances in such a case amount to negligence is a jury question, and a directed verdict is error.

On appeal from a judgment entered on a verdict directed for plaintiff in the Essex County Circuit of the Supreme Court.

For the appellant, *Philip J. Schotland.*

For the respondent, *Riker & Riker.*

The opinion of the court was delivered by

BERGEN, J. This is an appeal from a judgment entered upon a verdict directed for the plaintiff, and the question to be decided is, Was such a direction warranted?

The facts are not in serious dispute. The plaintiff was an incorporated building and loan association, of which defendant was a shareholder, and from which he borrowed $1,800 and gave his promissory note. When his shares matured they were worth $2,000, and George Brown, Jr., plaintiff's secretary, notified defendant that the plaintiff would pay him the

$2,000 and that he should draw a check to Brown's order for the amount due on the note; this defendant did, and the note and certificate of shares was delivered to the defendant. Brown cashed the check and embezzled the money, and plaintiff brought this suit to recover the sum due on the note, in which action the court directed a verdict for the plaintiff. The constitution of the plaintiff association provides that the secretary "shall receive all moneys paid to the association and pay the same to the treasurer," and the evidence shows that the secretary did receive nearly, if not all, the moneys paid to the association for it. There was also testimony from which it may be inferred that Brown, as secretary, was entrusted with most of the financial transactions between the association and its members, the duties of the treasurer being confined to the receipt of moneys from the secretary and their disbursement; that in the present case, when, on two occasions, defendant borrowed money and gave his notes, the delivery of the checks and taking of the notes was done by Brown with the treasurer's knowledge and consent, and that, in fact, all of defendant's transactions with the association were had with Brown.

But the plaintiff claims that Brown had no authority to deliver the note and accept the moneys due thereon; that although the uniform course of business of the plaintiff was to pay in full matured shares, and to be paid in full by a borrower the debt due, when shares were pledged for a loan, the secretary had no power to make settlements of this kind as that was always done by the treasurer, and in accordance with that practice the check in this case was drawn for $2,000 and placed in the safe of the plaintiff with defendant's note, to be delivered when defendant notified the treasurer of his desire to settle, when the latter would attend at his office for that purpose; but there is no proof that defendant had knowledge of this. It is admitted that Brown had lawful access to the safe, in common with the other officers, and there is proof that he was thus afforded an opportunity to do just what he did—take the note, deliver it to defendant and collect the amount due. That he accepted a check instead of cash is of no consequence,

for he could as readily embezzle the proceeds of the check as the cash.

We are of opinion that it was a jury question whether the plaintiff was not negligent in putting the check and note within the reach of Brown, the one officer with whom most, if not all, the financial transactions between the plaintiff and this defendant were carried on, and also whether the course of conduct pursued or acquiesced in by the plaintiff in permitting Brown to so act, was not a holding out of him as the financial agent of plaintiff with whom the defendant might safely deal. Brown collected all dues; he negotiated the loans with the defendant, first one for $600 and delivered the check and took the note, and when the second loan was made, increasing the total to $1,800, he delivered the check and took the note for $1,800. From the evidence a jury might infer that when the note for $1,800 was delivered to Brown to be given to the association, it was received by him as agent of the plaintiff; that Brown, through the negligence of the plaintiff, came into possession of the check and note; that he had always collected the interest on the loan and acted as the agent of the plaintiff in its ordinary financial dealings with shareholders; that he came to defendant with the check, note and shares in his possession, apparently authorized to make the settlement, and delivered them, collecting the amount due on the note, and that the possession by Brown of the necessary papers, and the former course of the association in permitting Brown to make the loans, misled the defendant into paying his note to him.

In this case one of the two innocent parties must suffer, and if the jury should find from the above facts that one was negligent, the loss must be sustained by the one whose conduct has made the fraud possible. *Lawson* v. *Carson,* 50 *N. J. Eq.* 370.

Where one through negligence gives another power to practice a fraud upon innocent parties, the court will not interfere in his protection at the expense of the one who has been deceived. "What circumstances shall be sufficient to establish negligence * * * must be determined as a question of fact." *Heyder* v. *Excelsior Building and Loan Association,* 42 *N. J. Eq.* 403.

A jury might also find that by its course in conducting its business the association had impliedly authorized Brown as its secretary, by whom all moneys paid to the association must be received according to the terms of its constitution, to surrender the note and collect the amount due.

Questions for a jury to determine being present, the direction for plaintiff was error.

The judgment under review will be reversed and a new trial awarded.

*For affirmance*—THE CHANCELLOR, BLACK, WILLIAMS, TAYLOR, GARDNER, JJ.   5.

*For reversal*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, JJ. 9.